UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GORDON-DARBY SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLUS TECHNOLOGIES, INC., <br><br> Defendant. | No. 10 C 1863 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

This is a patent case about vehicle emissions testing technologies. Plaintiff Gordon-Darby Systems, Inc. moves to have its infringement claims against Defendant Applus Technologies, Inc. dismissed with prejudice. Additionally, it seeks a without-prejudice dismissal of Defendant's counterclaims for declaratory judgment of non-infringement, invalidity, and unenforceability of a patent. Plaintiff's motions are granted.

## I. BACKGROUND

As relevant to this motion, the facts - mainly procedural background - are as follows. Gordon-Darby Systems, Inc., owns U.S. Patent No. 7,469,171 ("'171"), a method and system for self-service automobile emissions testing stations. Plaintiff filed a complaint on March 24, 2010 alleging that Applus Technologies, Inc. was willfully infringing the '171 patent. Applus answered by denying infringement and asserting the affirmative defense that the patent was invalid as anticipated or obvious. Applus also asserted counterclaims for declaratory judgment of non-infringement, invalidity, and unenforceability due to inequitable conduct. They also wanted entry of judgment against Gordon-Darby "declaring this case exceptional under 35

U.S.C. § 285 and awarding Applus its reasonable fees and costs in this action," though they have not made a formal § 285 motion.

After some brief discovery, Gordon-Darby quickly realized that it did not want to pursue its claims. It notified Applus of its intention to dismiss the action and added on a covenant not to sue. After some back-and-forth regarding the wording of the covenant, the parties now appear to agree on dismissal of Gordon-Darby's claim of infringement and Applus's counterclaim for declarations of non-infringement and invalidity. The basis of the dismissal is that the covenant not to sue moots those claims and therefore deprives this court of jurisdiction. The parties further agree that this court would retain jurisdiction over a § 285 claim for fees and costs.

What the parties do not agree on is the effect of the covenant not to sue on the declaratory judgement claim for unenforceability of '171 due to inequitable conduct. The Plaintiff asserts that Federal Circuit caselaw dictates that such a covenant puts the unenforceability claim in the same category as the non-fringement and invalidity claims, i.e., it is moot and therefore no longer falls under the jurisdiction of this court. Defendant claims that because unenforceability is tied up in the § 285 claim, I retain jurisdiction of the declaratory judgment counterclaim for unenforceability.

## II. DISCUSSION

A. Jurisdiction Over Declaratory Judgment Actions in a Patent Context

Subject matter jurisdiction in a declaratory judgment suit requires "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quoting *Maryland Casualty Co. v. Pacific Co.*, 312 U.S. 270, 273 (1941)). The Federal

Circuit has firmly established, through a line of cases beginning with *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, that subject matter jurisdiction in a district court ends for declaratory judgment counterclaims of non-infringement and invalidity of a patent given a with-prejudice dismissal based on a covenant not to sue. *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1060 (Fed. Cir. 1995); *see also Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1342 (Fed. Cir. 2001); *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1298 (Fed. Cir. 2009).[1]

In contrast, the Federal Circuit has never expressly said that declarations of unenforceability fail for lack of subject matter jurisdiction following a dismissal and covenant not to sue. Nevertheless, that is the clear implication of the *Super Sack* line of cases. This implication is especially clear from the Federal Circuit's jurisdictional discussion and holding in *Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229, 1242-43 (Fed. Cir. 2008). In that case, Monsanto brought a declaratory judgment action against Bayer for non-infringement, invalidity, and unenforceability (based on inequitable conduct) of four patents. Bayer counterclaimed for infringement. *See id.* at 1231-33. Bayer ultimately sought dismissal of three of the four claims and covenanted not to sue on those three patents. *See id.* The district court - considering Monsanto's § 285 motion - held that the three patents were unenforceable

---

[1] An exception to this general rule for covenants offered after a jury's finding of non-infringement, is not relevant here. *See generally Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340 (Fed. Cir. 2005). Similarly, the question of whether the scope of the covenant is sufficient to deprive the court of jurisdiction is no longer at issue because Plaintiff has agreed to Defendant's version of the covenant. *See Revolution Eyewear*, 556 F.3d at 1298 ("Whether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant.")

3

for inequitable conduct. *See id*. at 1242-43. Bayer appealed, arguing that the district court no longer had jurisdiction over the suit involving those three patents. *See id.*

The Federal Circuit rejected that argument, and their discussion is directly on point to this case. The court acknowledged that filing a covenant not to sue "may divest the court of jurisdiction *over a declaratory judgment action involving these patents*." *Id.* (emphasis added). It underscored the point by quoting its own discussion in another § 285 case:

> While the covenant [not to sue for infringement] may have eliminated the case or controversy pled in the patent-related counterclaims and deprived the district court of Article III jurisdiction with respect to those counterclaims, the covenant does not deprive the district court of jurisdiction to determine the disposition of...the request for attorney fees under 35 U.S.C. § 285.

*Id*. (quoting *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1033 n.1 (Fed. Cir. 2006)). The point here is that the *Monsanto* court was considering jurisdictional issues related to declaratory judgment claims of unenforceability, and plainly lumped them in with non-infringement and invalidity claims. The court understood unenforceability declarations as failing for jurisdiction right along with those other claims. I therefore see no basis for retaining jurisdiction over a declaratory judgment claim for unenforceability after a covenant not to sue has been filed and agreed upon by the parties.

B. Procedure in Assessing Fees Under 35 U.S.C. § 285

It is worth staying with *Monsanto*, as the court's discussion remains on point with respect to our case. The court in that case went on to explain that "under our precedent the district court retained independent jurisdiction over Monsanto's request for attorney fees under 35 U.S.C. § 285." *Id.* at 1242. It was this "independent jurisdiction" over the § 285 motion that required consideration of an inequitable conduct theory. *Id.* A finding of inequitable

4

conduct, then, automatically triggers unenforceability. That is how unenforceability is reached in a case such as ours here.

Defendant seems to misconstrue the proper procedure for assessing fees under 35 U.S.C. § 285. Defendants cite a recent Federal Circuit case as extending a line of cases which collectively "require a district court to reach inequitable conduct issues as part of a section 285 fees analysis but also to require a bench trial on inequitable conduct before addressing the motion for fees." Def's Resp. at 13. (citing *Leviton Mfg Co. v. Universal Sec. Instruments, Inc.*, 606 F.3d 1353 (Fed. Cir. 2010), *rehearing and rehearing en banc denied*, 2010 U.S. App. LEXIS 17800 (Fed. Cir. Aug. 11, 2010). The first half of the quote, that Federal Circuit precedent "require[s] a district court to reach inequitable conduct issues as part of a section 285 fees analysis" is mostly accurate. I say "mostly" because inequitable conduct would have to be considered if indeed that is the fee movant's basis for arguing for "exceptional case" status under § 285.[2] The second half of the quote, however is far off the mark, and indeed contradicts the first half.

In *Leviton*, as in our case, the plaintiff voluntarily dismissed based on a covenant not to sue. *See Leviton Mfg Co. v. Shanghai Meihao Elec., Inc.*, 613 F. Supp. 2d 670, 678 (D. Md.

---

[2]But inequitable conduct is just one of many theories under which a movant can prove that theirs is an "exceptional case" such that an award of fees is warranted under § 285. *See Leviton,* 606 F.3d at 1358 (Fed. Cir. 2010) ("The prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit *or* willful infringement." (emphasis added)); *see also Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed. Cir. 2002) ("Litigation misconduct and unprofessional behavior are relevant to the award of attorney fees, and *may* suffice, by themselves, to make a case exceptional." (emphasis added)).

5

2009). The district court dismissed the underlying action with prejudice but granted leave for the defendant to file a motion for fees and costs. *See Leviton*, 606 F.3d at 1358. The defendant did so, and the case was referred to a magistrate for a hearing on the § 285 motion. *See id.* The magistrate produced a 128-page report, which the district court judge adopted in full. *See id.* On the basis of the magistrate's report the district court found inequitable conduct on the part of the plaintiff. *See id.* The inequitable conduct finding formed part of the basis of the "exceptional case" determination that won fees and costs for the defendant. *See id.*

The Federal Circuit reversed the district court and remanded for a bench trial, but - and this is critical - only because they determined that factual issues remained disputed such that summary judgment on the inequitable conduct issue was inappropriate. *See id.* at 1364.

In *Leviton*, all of this procedure happened under the banner of the § 285 motion, and the Federal Circuit's holding did nothing to unsettle the district court's initial steps of dismissing the patent claims with prejudice and granting the defendant leave to move for fees. Everything at issue in the *Leviton* appeal came, procedurally speaking, well after that point. *Leviton*, therefore, does not establish that a district court must conduct "a bench trial on inequitable conduct before addressing the motion for fees," as Defendant claims. Inequitable conduct is one possible theory at issue in the overall § 285 fees context. If it is established, unenforceability "follows automatically" as a matter of law. *Monsanto*, 514 F.3d at 1243.

## III. CONCLUSION

Plaintiff's motion to dismiss its own claims with prejudice is granted. Plaintiff's motion to dismiss Defendant's counterclaims for declaratory judgment of non-infringment, invalidity, and unenforceability is also granted, without prejudice.

6

Defendant is given leave to move for fees and costs under 35 U.S.C. § 285, and we may progress to a theory of inequitable conduct (and therefore ultimately unenforceability) as required in that context, if that remains the Defendant's intention.

ENTER:

James B. Zagel
United States District Judge

DATE: December 23, 2010